LUCIA A. KNIGHT v. M. V. B. MORSE.

*Bastardy. Evidence. Impeachment.*

The rule as to the admission of evidence in a prosecution for bastardy, announced in *Sterling* v. *Sterling*, 41 Vt. 80, is adhered to; that evidence tending to show sexual intercourse by the plaintiff with others than the defendant, outside of the time within which, according to the course of nature, the child could have been begotten, is inadmissible.

COMPLAINT for bastardy. Plea, not guilty. Trial by jury, December Term, 1881, TAFT, J., presiding; and verdict for plaintiff.

The plaintiff testified that the defendant had sexual intercourse with her at several different times in the month of April, 1880; that the child was born January 15th, 1881, and the defendant was the father; that she had no intimacy with other men; that they had not been in her room, in a manner indicating intimacy; and that she was sick from September, 1879, till some time in May, 1880. The plaintiff's mother denied, on cross-examination, telling Mrs. Leland that one Chapman was in the plaintiff's room three hours; that one Fletcher was there with the plaintiff some hours; and, also, that one Chilson was there.

The defendant admitted that he visited the complainant by way of courtship from October, 1878, to 27th June, 1880. He offered testimony tending to show that one Durant also visited her in October, 1879, which was objected to by the complainant and excluded by the court. The testimony to contradict the plaintiff's mother was also excluded.

At this point in the trial the defendant's counsel formally offered to prove that said Durant had visited the plaintiff at other times, remaining alone with her in her room; that the plaintiff had admitted this, and that other men had also been with her alone; that she had said that she did not want Morse to know of these visits; that one of the men while with her accidentally left a silk handkerchief, and that she tried to conceal this fact from the defendant. The court ruled that the evidence that tended to

prove the visits and intimacy of other men, prior to a time when the child could have been begotten, was not admissible. Defendant excepted.

*H. D. Ryder*, for the defendant.

The court erred in excluding the evidence to show that other men than the defendant were in the plaintiff's room in the fall of 1879, and at various other times up to April, 1880, when the child must have been begotten. The testimony was admissible for the purpose of discrediting the plaintiff, and showing her intimacy with other men, and as tending to corroborate the evidence that was admitted as to her receiving male visitors in her room alone when the child might have been begotten.

*J. W. Pierce*, for the plaintiff.

The testimony offered by the defendant, tending to show that young men visited the complainant at a time outside of the time in which the child could have been begotten, was properly excluded. It was immaterial. *Morse* v. *Pineo*, 4 Vt. 281; *Spears* v. *Forrest*, 15 Vt. 435; *Sterling* v. *Sterling*, 41 Vt. 80.

The rule laid down by the court, that the defendant could discredit the complainant as to anything she had stated as to any matter material in the case, was the true rule.

The testimony of the defendant's witness offered to discredit Mrs. Knight's as to what she had said on cross-examination, was properly excluded. The testimony was immaterial, and the defendant was bound by the witness's answers given on cross-examination, and could not introduce evidence to contradict the witness in that respect. *Sterling* v. *Sterling*, *supra*; *Commonwealth* v. *Morse*, 3 Pick. 194; *Stevens et al.* v. *Beach*, 12 Vt. 585.

The opinion of the court was delivered by

ROWELL, J. The case of *Sterling* v. *Sterling*, 41 Vt. 80, is decisive against the defendant on all the points made in his brief. The exceptions not noticed in his brief have not been considered.

Judgment affirmed.